May it please the Court, Christina Gabrieles on behalf of Mr. Lizalde, I'd like to reserve three minutes for rebuttal. All right, watch your clock. Okay. It goes down. The District Court in this case misunderstood its authority to reduce Mr. Lizalde's sentence pursuant to Section 3582 as evidenced by its statement that it no longer had jurisdiction over Mr. Lizalde's case. Judge Real did not correctly apply the law in this case because he appears to have construed all of the motions that were filed by Mr. Lizalde as habeas petitions and denied them without considering them properly under Section 3582. Judge Real never considered whether he had authorization under 3582 to determine whether Mr. Lizalde was eligible for a sentence modification and the extent of the reduction that's authorized. This was required by United States v. Dillon, the United States Supreme Court case. The District Court did have authority to consider whether Mr. Lizalde was eligible for a sentence reduction. 3582 explicitly authorized the District Court to consider whether to modify his sentence where there had been an applicable retroactive change in the guidelines. There was such a change here. Here, Mr. Lizalde was sentenced in 1991 to 300 months pursuant to the drug quantity table in 2D1.1. In 1993, the Senate's commission amended the drug quantity table, amended, excuse me, Amendment 505, lowered the base offense level applicable to Mr. Lizalde from 40 to 38. But does that amendment have the effect of lowering the applicable guideline range as it applied to Mr. Lizalde? I know in your briefing you said he would go down to level 38 instead of level 40, but it doesn't change the plus 4 enhancement, does it? Correct. That's correct. So with the adjusted offense level in this case, the original adjusted offense level was 44, which under the guidelines table is life imprisonment under the guidelines. With the amendment, the adjusted offense level would be reduced to 42, which would result in an applicable guideline range of 360 to life. That's still less than the 240 that he was sentenced to by Judge Real. It's greater than the 240 that Judge Real sentenced him to. And that is correct. And part of the problem in this case, this is a really quirky case. The problem is we don't really understand how Judge Real went about giving the initial sentence in this case. Well, but we're not reevaluating the initial sentence. We're only looking at whether the guidelines have changed. And 1B1.10b2a does say, quote, shall not, and this sounds pretty absolute, but it says, quote, shall not reduce the term of imprisonment to a term that is less than the minimum of the amended range. And so if you look at the amended range with all the amendments, the minimum of that is still above what Mr. Real got. Well, I think that the more appropriate reading of that would be what you have to look at is the entire sentence, which was given to the defendant, with all of the departures, variances, whatever the court did. And those things stick upon a resentencing or a sentence modification. Everything, all the changes to the guidelines, which were in place at the original sentencing, carry on to the sentencing modification hearing. Isn't he almost better off not even making this argument? I mean, given that Judge Real, and it's Real, he likes to be called Real, did, and you're right, I mean, we don't know exactly why he did it, but he did sentence him far more favorably than even the result of this amendment. And I don't understand why you're here even arguing this appeal. Well, I don't either, honestly. Mr. Rezald got us here on his pro se. Well, okay. So let's go back to that. So he did pro se. He filed the first motion. I understand. He got a huge, huge, huge sentencing break at the original sentencing. And what are we doing here? Right. I want to go to the waiver argument. I want to ask about the waiver argument because he filed a first motion, and that was denied, but he didn't appeal. Then he filed a second motion for the same thing, and that time he appealed, but his appeal was dismissed as untimely by our court. Doesn't that violate our rule that you have to file a timely appeal? He can't just keep filing these motions over and over and over again. The problem with that is that his motion was never considered. He's been knocking at the door, knocking at the door, but no one has ever answered. It was considered because it was denied. It wasn't denied on a quick basis. It was explicitly raised and denied, and he could have, on appeal, if he didn't think the district court gave him adequate discussion, he could have appealed that. And he could have said you cited it on the wrong grounds or you overlooked something. But he didn't. But when you've got an issue explicitly raised and denied, isn't that pretty much the end of it if you don't appeal on time? Not in this case because it wasn't explicitly denied under the context in which Mr. Lezall raised the appeal. His request for relief was explicitly denied. You're out of time, you're out of luck, you're out of merit. Sure. Because Judge Riel was considering it as a habeas petition, not as a 35-year-old. Well, if the judge made an error there, he should have appealed it. I'm sorry? If the judge made an error there, he should have appealed it. But he didn't pursue it. He didn't pursue it. He, he, what happened in that case was he did file his notice of appeal. This Court issued an order to show cause why this wasn't timely, the notice of appeal wasn't timely filed. Mr. Lezall responded to that order to show cause, and in his pro se language, he responded in a motion to show cause and said that he did not receive the order from the district court denying his relief until just a few days ago, and I want to file my appeal. So he was trying to make an argument that he had good cause for why this court should allow the consideration of his appeal, even though it wasn't technically timely filed under the first motion. That was as to the second motion and not the first motion, correct? Yes, that's correct. But the first motion was not, it was a habeas petition. The first motion was construed, and it really was, a petition, a habeas petition under 2255 that was filed by Mr. Lezall. And that's, he raised habeas-type arguments, and they were construed as a habeas motion by the district court. And it's really only this second one that is really technically the first 3582 motion that was truly legitimately filed by Mr. Lezall, and it was denied right away by the district court because it interpreted as a habeas petition. So the problem is the district court did not entertain Mr. Lezall's first motion because it considered it an untimely habeas petition. Well, then Mr. Lezall filed two subsequent motions. The subsequent motions were correctly filed under 3582, but the district court didn't view it as such. It viewed it as a habeas and incorrectly applied the law in reviewing whether or not it had jurisdiction to even entertain it. And even the order on that second motion, the judge's handwritten notes on it, and that's all we have as far as an order. This is out of time. And this is out of time and has no jurisdiction to reduce or change the sentence. But that sentence, out of time, indicates that he's paying attention to habeas principles, but not principles under 3582, because there is no time limit to bring a motion under 3582 for sentence modification. Those rules only apply to habeas. So you were going to try to save three minutes, and you're now down to 125. Yes. Thank you, Your Honor. May it please the Court. David Kowal for the United States. Your Honor, first just to clarify something in the record. The first motion did properly raise in the reply brief, Amendment 505, the issue which is up on appeal here and what is the case. And in fact, he actually said he withdrew his other request and said this now should be considered as a 3582 modification request. Yes, he did do that, Your Honor. And if he had taken up a timely appeal or a timely motion for reconsideration, that issue would have been properly raised. The government would have had to respond. Had we had to respond at that time, we would have said that Judge Reel was correct in denying the motion, not entirely for the reason he said in the first motion. He did properly construe some of his first motion as an improper disguised 2255 where the judge did error in saying that the entire motion was based on that. There was a portion on 505. But even if that case had been timely, I'm sorry, Your Honor. But it's never clear that Judge Reel actually considered his request or motion for reduction pursuant to the change in the Guideline Amendment, correct? Yes. If the record appears to show that he initially misconstrued the first motion as a 2255, denied it on that basis, and proceeded to view the second and third motion in the same light, is that a fair statement of the record? It is fair on the first one. The second and third one, and particularly the third one that we have here, I think he got it exactly right. He was right factually to say that there were two prior motions, and he was also correct legally to say he has no authority to bring that for the reasons we stated in our brief, the four reasons, waiver, law of the case, the statutory argument. Oh, wait. It isn't the argument. I mean, really, under our case in Lanier, it's that he lacked jurisdiction because, in fact, the sentence would not be lowered. No, that's not entirely correct, Your Honor. What the – yes, on the first motion, if it had come up, he would have been upheld because the – to use the specific statutory – it wasn't based on the guideline range. Right. If Lizald had appealed the first one. That's correct, Your Honor. And we might have had to reverse in part because he didn't consider that argument, and we might have had to remand it to – for consideration of the sentence reduction argument. You may have remanded, although, frankly, it would have been – you could have decided it on the first time without a remand for the reasons we stated in the last portion of our brief, that on that first motion, the – on this defendant's sentence, it was not based on an applicable guideline range. And I could just briefly spell that out to you. Remember, there's a two-part stage for 3582 motion. First, you have to show eligibility, and you have to show that this amendment, here, 505, the reduction in the top guideline range, affected the original sentence, that the original district court ruling was based on that guideline range. Here, Judge Reel did not base his sentence on 2D1.1 and the guideline range. He just made his own independent determination. He specifically said in his ruling, I'm not doing an aperture. He said, I'm just giving you 20 years on counts one through four. So he didn't – he went entirely off the guideline range. Now, we know he did that because at that time the guidelines were binding. If he had used the guidelines at that time, he would have got a lifetime sentence,  There would have been no other way. So the sentence was imposed at the time the guidelines were mandatory? Yes, Your Honor. So the government didn't appeal the failure to? That's exactly. As we say in the brief, the government could have appealed, chose not to. Okay. But essentially, Judge Reel did not use the guideline framework. And he also said, I'm not making an aperture. I'm just giving you 20 years on counts one through four. So under 3582, you have to show – again, assuming now we don't even have the waiver arguments, which I think are dispositive here in any event. But if you just went ahead and did it, you have to show that the guideline range that's been changed by the amendment would have made a difference in your sentence. And, again, the case – the best case for that, we cite in our brief, is the Wesson case. That's a case where the defendant said, look, the crack guidelines have been changed. And this Court said, no, you weren't sentenced on the crack guidelines. You were sentenced on the career offender guideline, which hasn't been changed. And the defendant said, well, but look, you used a PSR. You looked at the drug quantity. You looked at all these things in the court. This Court said, no. You have to look to see whether the district court specifically applied the guideline range which was amended. That didn't happen here. Judge Reel only applied his own independent determination, which, as Judge Wardlaw points out, could have been appealed. But those are the facts. So even if we get by the waiver arguments, which I don't think we should, and even if that first appeal had been timely taken – Okay. What is the government's position on waiver? You don't – not reach the waiver argument? No, we think you should reach the waiver argument, Your Honor. I guess the question there is whether you would just – Is there any clear Ninth Circuit authority on the waiver? There is on the waiver, yes, Your Honor. That is the Wright case, which we cite in the first portion of our brief, and the Nagara case, which we also cite. And those specifically say when you could have appealed – and this is an important point – if the issue was fairly presented, whether you reached the merits or not, whether you could have brought it to the Ninth Circuit at that time or to the Court of Appeals at that time and you didn't and you don't, that is waived. In some other – Is that a case where there was a pro bono, pro se plaintiff? No, Your Honor. But just to address that issue, as the defendant says in their brief, well, we liberally construe the pleadings. This isn't a case where the pleadings need to be – were vague or improper. It wasn't a pleading. It wasn't an appeal. Well, that's right. It wasn't an appeal. But in all times, he did raise this issue quite clearly in his – each of his three motions. So I don't think a liberal construction would change anything. And does your Ninth Circuit precedent talk about lack of jurisdiction to reduce a sentence if you don't meet the 3582 standards? The Ninth Circuit has not specifically – in the second part of our brief, we talk about the Seventh Circuit's case in red, and in our 28J letter we talk about That's waiver, right? No. That did it based on – if I could just break it down. There's – the Ninth Circuit has usually addressed these cases on what we would call the prudential doctrine of waiver. And it hasn't always been clear as to whether that is jurisdictional or whether it's – I guess the other term is an inflexible claim processing rule. There's also the law of the case doctrine, which we raise in the third part of our argument. That is usually subject to the typical three exceptions. When this kind of issue has come up in the 3582 context, I am pointing out to you this neatly fits within what the Ninth Circuit has typically called waiver. Those cases are not 3582. In other circuits, in the Eleventh Circuit, they use the doctrine of law of the case. That's the Escobar-Urbado decision. But the rule that I would actually ask the Court or the way the Court, I think, would best create a rule of law for this circuit is to look at the Seventh Circuit's case in red and to look at the two other circuit cases that I cited to you in the 28J letter. That is the Randall case out of the Tenth Circuit by Judge Baldock and the Goodwin case – I'm sorry. Let's look at your waiver argument for a moment. In the case you cited where the party could have raised the issue on appeal but didn't do so, the Court need not consider the matter, but it's still discretionary. Correct? It doesn't say that in the Ninth Circuit waiver cases. In other words, it – I understand your point that particularly in the law of the case doctrine, there's always that discretionary analysis. In the Ninth Circuit, the Wright case and the Nagara case, in just the pure waiver context, they haven't used that kind of discretionary language and gone through the – was there an intervening change in the case? Was there new facts or things like that? Do you want us to make the law – make it clear that there – I mean, to follow the Seventh Circuit in red and make a right-line rule there? I think that's the best way because it is based on the statute. It does encompass the same policy statements, the same policy points that would come up in the waiver context that the Ninth Circuit has been using in these cases generally. But it would be better because it's a statutory interpretation. It does not include the discretionary – But if you're a judge that likes to get to the merits of things, then isn't it also equally true that we have two cases that say where you don't meet the statutory requirements of the statute, we lack jurisdiction? Are you talking about in the Rule 4 context, Your Honor? I'm talking about in the – in this particular statute, 3582C. Both the Orontes Arriaga and the Lanier cases stand for that proposition. I – it is true that it – And they're existing law. Pardon? They're existing law. We don't have to create anything. Right. Although those don't – I think those deal with once you are in the door of a 3582 motion. Right, right. I'm saying – Here, this is a question of timeliness and the – We don't have a clear rule whether he's in the door or not. So why – you know, he may be in the door under our concepts of waiver in the Ninth Circuit. He is not in the door under our concept of waiver. That is what our first section of our brief – and again, those are the Wright case that goes way back, the Tagara case, and – which has been picked up by other circuits. I think as to this distinction to whether we use the statutory argument versus the regulatory, you can use either. The narrowest ground you could rule on would just – would be the it's not based on argument, the last part of our brief, which we just say – because, you know, that's really not going to happen very much where you have a judge ruling outside the guidelines during a time of binding guidelines. We're probably not going to see that very much. Probably not. But I would just say I know – and my time is running out. Your time is – you're running over. I guess my last point for why I think the statutory argument is, if I may, Your Honor, is this is a kind of issue with repetitive 3582 motions, which does come up with some frequency. At least I know that anecdotally in my office. I think that the statutory analysis from the 4th Circuit in Goodwin, the 10th Circuit in Randall, and the 7th Circuit in Red does get it right, that you have only the time during the appeal to bring up – to bring a motion to reconsideration or a second one. Otherwise, by analysis of the text and the structure of the sentencing laws, you are barred from bringing it up. All right. Thank you very much, counsel. I'll be very brief. I know I've exhausted most of my time. All of the cases cited in the government's brief are distinguishable from this one for this one reason. They have all considered the defendant's motions in one respect or another, their appeals in one respect or another. Here, the district court never considered Mr. Lizal's motion under 3582. I'm not – I don't know why you have to reach that conclusion. I mean, the court denied it, and I don't know how we can conclude that he didn't consider it on the merits. There's no evidence that he did. And the order that he issued on the second purported – on the second motion stated that this is out of time, which refers to habeas conduct. Well, but it said several things. He also said out of merit, too. Correct. And that would also apply to a habeas petition, unlike – Right. But, I mean, that suggests he did consider it on the merits. For a habeas, but not for a 3582. And he just really didn't examine what the – there's no evidence that the court – it didn't make it clear that the court was truly considering the 3582. And the principles of waiver should only apply where the court has actually considered the merits, truly considered the merits of a defendant's argument, especially a pro se defendant. And that pro se defendant should not be kicked out of his day in court just because he didn't frame it in exactly the right way and because the district court didn't articulate the correct basis for its interpretation of the statute. Thank you. All right. Thank you very much, counsel. U.S. v. LaSalle is submitted, and we'll hear Reed v. Kate.
judges: Ebel, Wardlaw, Nguyen